IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 15-162-1 |
| | : | |
| RAHIM HENDERSON | : | |

## MEMORANDUM

**Padova, J.**                                                                                                          **October 2, 2015**

Defendant Rahim Henderson has moved to dismiss Counts Three through Nine of Indictment No. 15-162 pursuant to Federal Rule of Criminal Procedure 12(b)(3) on the ground that those Counts of the Indictment fail to satisfy the requirements of Federal Rule of Criminal Procedure 7(c)(1) and Alleyne v. United States, 133 S. Ct. 2151 (2013). For the reasons that follow, the Motion is denied.

**I.     BACKGROUND**

Indictment No. 15-162 charges Henderson with twelve counts arising from an alleged credit card fraud conspiracy in which he and his co-defendants Tian Larode and Waliyda Henderson allegedly made fraudulent purchases at commercial establishments using credit cards that had been re-encoded to contain stolen credit card information belonging to victims. Specifically, Indictment No. 15-162 charges Henderson with one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371 (Count One); one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); seven counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(4), and 2 (Counts Three through Nine); one count of use of a counterfeit access device in violation of 18 U.S.C. §§ 1029(a)(1) and 2 (Count Ten); one count of possession of multiple unauthorized or counterfeit access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Eleven); and one count of possession of device-making

equipment, in violation of 18 U.S.C. §§ 1029(a)(4) and 2 (Count Twelve). Henderson seeks dismissal of Counts Three through Nine of the Indictment.

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b) provides that a defendant may move to dismiss an indictment prior to trial based on a defect in the indictment, including lack of specificity and failure to state an offense. Fed. R. Crim. P. 12(b)(3). Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment "'be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" United States v. Stock, 728 F.3d 287, 292 (3d Cir. 2013) (quoting Fed. R. Crim. P. 7(c)(1)). "'[T]he Federal Rules were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure.'" United States v. Huet, 665 F.3d 588, 594 (3d Cir. 2012) (alteration in original) (quoting United States v. Resendiz–Ponce, 549 U.S. 102, 110 (2007)). The United States Court of Appeals for the Third Circuit has held that "an indictment is facially sufficient if it '(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" Id. at 595 (quoting United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007)). "Usually, a recitation of the statutory language satisfies the first requirement, 'so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy.'" Stock, 728 F.3d at 292 (quoting Huet, 665 F.3d at 595). "And typically, a factual orientation that includes a specification of the time period of the alleged offense is sufficient for the second and third requirements. In short, 'detailed allegations' are unnecessary." Id. (citing Huet, 665 F.3d at 594-95).

**III.    DISCUSSION**

Henderson asks us to dismiss Counts Three through Nine of the Indictment on three grounds: (1) the Indictment fails to plead one of the elements of a violation of 18 U.S.C. § 1028A(a)(1); (2) the Indictment fails to satisfy the requirements of Alleyne; and (3) the Indictment fails to state a material element of a violation of 18 U.S.C. § 1028A(a)(1) because it fails to name the victims of the offenses listed in Counts Three through Nine. Counts Three through Nine of the Indictment state as follows:

> From at least in or about September 2014, through in or about October 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant **RAHIM HENDERSON** knowingly and without lawful authority, possessed and used, and aided and abetted the possession and use of, a means of identification of another person, that is, the names and credit card account numbers of victims, during and in relation to access device fraud, each date of possession and use constituting a separate count:

| Count | Date | Location | Victim/Credit Card Account |
|---|---|---|---|
| 3 | September 24, 2014 | Pennsylvania Wine & Spirits store #4638 in Glenside, PA | R.E./ Visa ending in 3977 |
| 4 | September 24, 2014 | Pennsylvania Wine & Spirits store #5142 in Philadelphia, PA | R.E./Visa ending in 3977 |
| 5 | September 24, 2014 | Pennsylvania Wine & Spirits store #5138 in Philadelphia, PA | R.E./Visa ending in 3977 |
| 6 | September 25, 2014 | Chickie's and Pete's Philadelphia International Airport, Terminal C | R.E./Visa ending in 3977 |
| 7 | October 9, 2014 | Pennsylvania Wine & Spirits store #5138 in Philadelphia, PA | L.A./Mastercard ending in 3995 |
| 8 | October 13, 2014 | Pennsylvania Wine & Spirits store #5138 in Philadelphia, PA | M.P./Visa ending in 6910 |
| 9 | October 17, 2014 | Pennsylvania Wine & Spirits | D.H./American |

|  | store #5169 in Philadelphia, PA | Express ending in 51019 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4), and 2.

(Indictment No. 15-162, Counts 3-9.)

The aggravated identity theft statute under which Henderson has been charged, 18 U.S.C. § 1028A, provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1). Subsection (c) lists the relevant felony violations that may give rise to application of the aggravated identity theft statute. Counts Three through Nine of the Indictment charge that the applicable felony violations are specified in subsection (c)(4) of the statute. Subsection (c)(4) defines "the term 'felony violation enumerated in subsection (c)'" as "any offense that is a felony violation of . . . any provision contained in this chapter (relating to fraud and false statements), other than this section or section 1028(a)(7). 18 U.S.C. § 1028A(c)(4).

A.   Elements of the Offense

Defendant maintains that Counts Three through Nine of the Indictment should be dismissed because the Indictment does not allege all of the elements of the offense of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and (c)(4). Specifically, Defendant contends that "the charge of aggravated identity theft requires that the defendant knowingly produced an identification document, *and* did so without lawful authority, *and* the document is or appears to be issued by or under the authority of the United States, **or**, the production of the document occurred in or affected interstate or foreign commerce." (Mot. to Dismiss/Quash ¶ 5.) Specifically, Defendant argues that Counts Three through Nine fail to satisfy Rule 7(c)(1)

4

because the Indictment does not state that "the document is or appears to be issued by or under the authority of the United States, *or*, the production of the document occurred in or affected interstate or foreign commerce." (Id. ¶ 6.) However, Defendant does not cite any authority for what he contends are the elements of the offense of aggravated identity theft.

The United States Court of Appeals for the Third Circuit has stated that "[t]he elements the government is required to prove in order to convict a defendant of aggravated identity theft are as follows: (1) the defendant knowingly transferred, possessed, or used a means of identification of another person; (2) the defendant did so without lawful authority; and (3) the defendant did so during and in relation to certain enumerated crimes. United States v. Roberts, 597 F. App'x 72, 75 n.7 (3d Cir. 2015) (citing 18 U.S.C. § 1028A(a)(1), (c); and United States v. Stepanian, 570 F.3d 51, 59 (1st Cir. 2009)). The Indictment states that Henderson has been charged with "knowingly and without lawful authority, possess[ing] and us[ing] . . . a means of identification of another person . . . during and relation to access device fraud." (Indictment No. 15-162, Counts 3-9.) These counts specifically rely on Counts Ten through Twelve, which charge Henderson with access device fraud.[1] We conclude that the Indictment thus states all of the elements of the offense of aggravated identity theft as those elements were defined by the Third Circuit in Roberts. We are unaware of any authority that supports Defendant's contention that the elements of the crime of aggravated identity theft include a requirement that the

---

[1] Counts Three through Nine charge Henderson with committing aggravated identity theft in connection with access device fraud. Indictment No. 15-162 charges Henderson with three counts relating to fraud and related activity in connection with access devices, all of which come under the purview of 18 U.S.C. § 1028A(c)(4): Count Ten, which charges Henderson of one count of use of a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1); Count Eleven, which charges Henderson with one count of possession of multiple unauthorized or counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(3); and Count Twelve, which charges Henderson with one count of possession of device-making equipment, in violation of 18 U.S.C. § 1029(a)(4). All three of these Counts specifically charge that the offense affected interstate commerce.

identification document "is or appears to be issued by or under the authority of the United States, **or**, the production of the document occurred in or affected interstate or foreign commerce." (Mot. to Dismiss/Quash ¶ 5.)  Indeed, these Counts "do not require an effect on interstate commerce because aggravated identity theft is a crime which serves as a sentencing enhancement to a predicate offense affecting interstate commerce (in this case, access device fraud)." United States v. Green, Crim. No. 08-44, 2011 WL 1877299, at *3 (E.D. Pa. May 16, 2011) aff'd, 516 F. App'x 113 (3d Cir. 2013)); see also United States v. Green, 516 F. App'x 113, 125-26 (3d Cir. 2013) ("Green II") (stating that any error in an indictment caused by failing to specify a link between a violation of 18 U.S.C. § 1028A and interstate commerce was harmless because those counts relied on counts of access device fraud that specifically referenced interstate commerce). Consequently, we conclude that the Indictment sufficiently states all of the elements of an offense under 18 U.S.C. § 1028A(a)(1) and (c)(4) and deny the Motion to Dismiss/Quash the Indictment as to this argument.

      B.      Alleyne v. United States

Henderson argues that Counts Three through Nine should be dismissed as unconstitutionally vague because those Counts do not specify what mandatory sentence would be applied if he were convicted.  He relies on Alleyne, in which the Supreme Court held that facts that trigger a mandatory minimum sentence are elements of the crime which must be presented to a jury and found beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2155, 2160-2162; see also United States v. Winkelman, 746 F.3d 134, 135 (3d Cir. 2014) (stating that the Supreme Court held in Alleyne that "'any fact that increases the mandatory minimum [sentence] is an element that must be submitted to the jury' and proved beyond a reasonable doubt." (quoting Alleyne, 133 S. Ct. at 2155).  Henderson asserts that Counts Three through Nine of the Indictment fail to

comply with Alleyne because they charge the violation of 18 U.S.C. § 1028A(a), which carries two different mandatory sentences, but do not specify which mandatory sentence applies. (Mot. to Dismiss/Quash ¶¶ 7-10.) He maintains that "the grand jury indictment is vague on its face; thereby, warranting a dismissal because it is a fact that would need to go to the jury, as the charge carries two separate mandatory minimums." (Id. ¶ 8.)

The aggravated identity theft statute criminalizes two offenses: (1) aggravated identity theft and (2) aggravated identity theft during and in relation to acts of terrorism transcending national boundaries. See 18 U.S.C. §§ 1028A(a), 2332b. Pursuant to 18 U.S.C. § 1028A(a)(1), a conviction for aggravated identity theft carries a mandatory two year term of imprisonment. Pursuant to 18 U.S.C. § 1028A(a)(2), a conviction for aggravated identity theft in connection with an act of terrorism transcending national boundaries carries a mandatory five year term of imprisonment. 18 U.S.C. §§ 1028A(a)(2), 2332b(g)(5)(B). However, Counts Three through Nine of the Indictment specifically charge Henderson only with a violation of 18 U.S.C. § 1028A(a)(1) and, thus, a conviction of one of those offenses would subject him only to the two-year mandatory prison term provided by § 1028A(a)(1). Accordingly, we conclude that the Indictment is not unconstitutionally vague and deny the Motion to Dismiss/Quash the Indictment as to this argument.

Henderson also argues that Counts Three through Nine must be dismissed for the following reasons:

> the fact that sentences under 1028[A](a)(1) must be served consecutively to the underlying offense but multiple counts of this section may be served concurrent to each other is also a violation of *Alleyne* in that probation is not an option under this section and the jury is left to determine the guilt or innocence of the other offense, which is a felony as the trigger of this mandatory.

(Mot. to Dismiss/Quash ¶ 11.) It appears that Henderson contends that the Indictment violates Alleyne in three additional ways: (1) a conviction of one or more of Counts Three through Nine would result in a mandatory sentence that must be served consecutively to the sentences imposed for other offenses, while the sentences imposed for multiple violations of 18 U.S.C. § 1028A(a)(1) may be served concurrently; (2) a conviction under 18 U.S.C. § 1028A(a)(1) carries a mandatory sentence of imprisonment, thus precluding a sentence of probation; and (3) in order to find Henderson guilty of the offenses charged in Counts Three through Nine of the Indictment, the jury must also find Henderson guilty of the triggering felony offenses charged in Counts Ten through Twelve of the Indictment. Henderson has not cited any authority to support this argument and we are aware of no such authority. Accordingly, we deny the Motion to Dismiss/Quash as to this argument.

### C. Failure to Name Victims

Henderson argues that the indictment is unconstitutionally vague and fails to satisfy the requirements of Rule 7(c)(1) because it does not state the names of the victims of the aggravated identity theft charged in Counts Three through Nine. As shown in Section III.A., above, Counts Three through Nine of the Indictment state the date and location of each offense charged, the initials of the victim, and the last four digits of the victim's credit card account. (Indictment No. 15-162, Counts 3-9.) The Third Circuit has found that such allegations are sufficient to notify a defendant of the charges against him and to "allow him to raise the double jeopardy bar for the same offense in the future." See Green II, 516 F. App'x at 118, 126 (stating that a count alleging aggravated identity theft was sufficient where it "included a time frame, the initials of the victim whose identification was used without authorization, and the allegation that the use of the identification was in relation to a credit card fraud scheme"). We conclude that Counts Three

8

through Nine of the Indictment contain sufficient factual allegations to notify Henderson of "'the elements of the offense intended to be charged[,] . . . sufficiently apprise[] [him] of what he must be prepared to meet, and . . . [allow him] to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution.'" Huet, 665 F.3d at 595 (quoting Vitillo, 490 F.3d at 321). Thus, we conclude that Counts Three through Nine of the Indictment satisfy the requirements of Rule 7(c)(1) and are not unconstitutionally vague, even though they identify the victims of the alleged offenses by their initials rather than by name. Consequently, we deny the Motion to Dismiss/Quash as to this argument.

## IV.   CONCLUSION

For the foregoing reasons, the Motion to Dismiss/Quash Counts Three Through Nine of the Indictment is denied. An appropriate order follows.

BY THE COURT:

/s/ John R. Padova

John R. Padova, J.