IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 15-162-1 |
| | : | |
| RAHIM HENDERSON | : | |

### MEMORANDUM

**Padova, J.**                                                                                                           **May 24, 2016**

Defendant Rahim Henderson has moved to dismiss his convictions of Counts Three through Nine of Indictment No. 15-162 on the ground that the aggravated identity theft statute that he was convicted of violating is unconstitutional pursuant to <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). We held a Hearing on the Motion on May 19, 2016. For the reasons that follow, the Motion is denied.

**I.     BACKGROUND**

On December 10, 2015, Defendant was convicted of all twelve counts of Indictment No. 15-162. The charges against Defendant arose from his participation in a credit card fraud conspiracy in which he and his co-defendants, Tian Larode and Waliyda Henderson, made fraudulent purchases at commercial establishments using credit cards that had been re-encoded to contain stolen credit card information belonging to victims. Specifically, Henderson was convicted of one count of conspiracy to commit access device fraud, in violation of 18 U.S.C. § 371 (Count One); one count of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two); seven counts of aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1) and (c)(4), and 2 (Counts Three through Nine); one count of use of one or more counterfeit access devices in violation of 18 U.S.C. §§ 1029(a)(1) and 2 (Count Ten); one count of possession of multiple unauthorized or counterfeit access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count

Eleven); and one count of possession of device-making equipment, in violation of 18 U.S.C. §§ 1029(a)(4) and 2 (Count Twelve).  On February 25, 2016, he filed a post-verdict motion asking that we vacate his convictions of Counts Three through Nine on the ground that his conviction of each of those Counts is unconstitutional.[1]

Defendant asks that we vacate and dismiss his convictions of Counts Three through Nine of Indictment No. 15-162, but insists that he does not seek a new trial.  (Def.'s Mem. at 1.)  He has brought the instant Motion pursuant to Federal Rules of Criminal Procedure 29(c), 33 and 34.  (See Id. at 1-2; 5/19/16 Hr'g Tr. at 3-4.)

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  Defendant does not contend that the evidence was insufficient to support his conviction of Counts Three through Nine and admits that this Rule is

---

[1] Defendant states in his April 11, 2016 Memorandum of Law that he has moved to vacate his convictions pursuant to Federal Rules of Criminal Procedure 29, 33 and 34.  (See Def.'s Mem. at 1-2.)  These Rules require the filing of such a motion within fourteen days after a guilty verdict.  See Fed. R. Crim. P. 29(c)(1); 33(b)(2); and 34(b).  Defendant clearly failed to comply with these Rules and also failed to move the Court for an extension of time to file a motion after the deadline provided by these Rules.  Counsel for Defendant has informed the Court that he asked the Assistant United States Attorney for an extension of time to file the instant motion and the Assistant United States Attorney agreed.  The Assistant United States Attorney has informed the Court that he did, indeed, agree to such an extension and, accordingly, does not object to the late filing of Defendant's Motion.  We note that the time limitation for filing a Motion pursuant to Rule 29 is jurisdictional and cannot be waived.  See United States v. Knight, 700 F.3d 59, 64 (3d Cir. 2012) (citing United States v. Gaydos, 108 F.3d 505, 512 (3d Cir. 1997)).  The time limitation for filing a Motion pursuant to Rule 33(b), however, is not jurisdictional and may be waived.  See Eberhart v. United States, 546 U.S. 12, 13 (2005); see also United States v. Felder, 529 F. App'x 111, 112 n.2 (3d Cir. 2013) (stating that "the Supreme Court has held that the time limitation contained in Rule 33(b)(2) is not jurisdictional and is instead a claims-processing rule that can be waived" (citing Eberhart, 546 U.S. at 13)).  We are aware of no authority regarding whether the time limitation for filing motions pursuant to Rule 34 is jurisdictional.  However, as we discuss below, none of these Rules actually applies to the instant Motion.  We have thus considered the Motion notwithstanding Defendant's failure to request an extension of time.  We note that such requests must be made in writing and filed with the Court as opposing counsel cannot grant requests for extension of time.

inapplicable to the instant Motion. (5/19/16 Hr'g Tr. at 4-5.) Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Defendant, however, does not seek a new trial and admits that this Rule also does not provide a procedural vehicle for our consideration of the merits of his Motion. (See 5/19/16 Hr'g Tr. at 5-6, 10.) Federal Rule of Criminal Procedure 34 provides that "[u]pon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a). Defendant admits that we have jurisdiction of the offenses charged in Counts Three through Nine of the Indictment and that there is no basis for the relief he seeks pursuant to Rule 34. (See 5/19/16 Hr'g Tr. at 4-6.)

Defendant has not identified any Federal Rule of Criminal procedure that would provide an appropriate procedural vehicle for the filing of the instant Motion, and we are aware of none. While we could dismiss the Motion on this basis, we have considered the merits of Defendant's arguments with respect to the constitutionality of his conviction. Defendant raises four substantive arguments with respect to his conviction of Counts Three through Nine:

1. The statute under which he was convicted, 18 U.S.C. § 1028A, is unconstitutional on its face pursuant to Alleyne. (5/19/16 Hr'g Tr. at 33-34.)

2. 18 U.S.C. § 1028A is unconstitutional as it was applied in this case because Indictment No. 15-162 does not specify the mandatory minimum sentence that would apply if Defendant were convicted of the offenses charged under Counts Three through Nine. (Id. at 13, 34.)

3. 18 U.S.C. § 1028A is unconstitutional as it was applied in this case because Indictment 15-162 does not specifically identify the predicate acts that would trigger the application of the mandatory minimum sentence. (Id. at 35.)

4. His conviction is unconstitutional because the jury was not properly instructed with respect to its obligation to specifically find that he had committed an act that would trigger the application of the mandatory minimum sentence provided by of 18 U.S.C. § 1028A(a)(1). (Id. at 35-36.)[2]

## II. DISCUSSION

Counts Three through Nine of Indictment No. 15-162 charge Defendant as follows:

From at least in or about September 2014, through in or about October 2014, in the Eastern District of Pennsylvania, and elsewhere, defendant **RAHIM HENDERSON** knowingly and without lawful authority, possessed and used, and aided and abetted the possession and use of, a means of identification of another person, that is, the names and credit card account numbers of victims, during and in relation to access device fraud, each date of possession and use constituting a separate count:

| Count | Date | Location | Victim/Credit Card Account |
|---|---|---|---|
| 3 | September 24, 2014 | Pennsylvania Wine & Spirits store #4638 in Glenside, PA | R.E./ Visa ending in 3977 |
| 4 | September 24, 2014 | Pennsylvania Wine & Spirits store #5142 in Philadelphia, PA | R.E./Visa ending in 3977 |

---

[2] Defendant also reasserts the arguments he made in his "Motion to Dismiss/Quash Counts Three Through Nine of the Indictment" (Def.'s Mot. ¶ 14), which we denied on October 2, 2015 (see 10/2/15 Order). Those bases for relief are hereby denied for the reasons set forth in our October 2, 2015 Memorandum. (See 10/2/15 Mem. at 3-9.)

| | | | |
|---|---|---|---|
| 5 | September 24, 2014 | Pennsylvania Wine & Spirits store #5138 in Philadelphia, PA | R.E./Visa ending in 3977 |
| 6 | September 25, 2014 | Chickie's and Pete's Philadelphia International Airport, Terminal C | R.E./Visa ending in 3977 |
| 7 | October 9, 2014 | Pennsylvania Wine & Spirits store #5138 in Philadelphia, PA | L.A./Mastercard ending in 3995 |
| 8 | October 13, 2014 | Pennsylvania Wine & Spirits store #5138 in Philadelphia, PA | M.P./Visa ending in 6910 |
| 9 | October 17, 2014 | Pennsylvania Wine & Spirits store #5169 in Philadelphia, PA | D.H./American Express ending in 51019 |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(4), and 2.

(Indictment No. 15-162, Counts 3-9.) The aggravated identity theft statute under which Defendant was charged, 18 U.S.C. § 1028A, provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1). Subsection (c) lists the relevant felony violations that may give rise to application of the mandatory minimum sentence provided in § 1028A(a)(1). Counts Three through Nine of the Indictment charge that the applicable felony violations are specified in subsection (c)(4). Subsection (c) defines "the term 'felony violation enumerated in subsection (c)'" as "any offense that is a felony violation of . . . (4) any provision contained in this chapter (relating to fraud and false statements), other than this section or section 1028(a)(7)." 18 U.S.C. § 1028A(c). Defendant was convicted by the jury of three offenses that fall under the definition

of subsection (c)(4): use of a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1) (Count 10); possession of 15 or more unauthorized or counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3) (Count 11); and possession of device making equipment in violation of 18 U.S.C. § 1029(a)(4) (Count 12).

      A.     <u>Whether 18 U.S.C. § 1028A is Unconstitutional on its Face</u>

Defendant states, in his Post Verdict Motion, that "the mandatory minimum sentencing under 18 U.S.C. § 1028A(1) [sic] is unconstitutional as of the Supreme Court's 2013 decision, *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which determined 'that facts that increase mandatory minimum sentences must be submitted to the jury.'" (Def.'s Mot. ¶ 5.) Defendant further states, in his Memorandum of Law, that he is "asking this court to vacate the [his] conviction of . . . Counts 3 through 9 of the jury verdict in this matter because the statute that the conviction is predicated upon is unconstitutional." (Def.'s Mem. at 1.) Defendant did not explain this argument in either his Motion or his Memorandum of Law and has also pointed to no authority in support of this argument. During the May 19, 2016 Hearing, we asked Defendant's counsel to explain his argument that § 1028A is unconstitutional on its face because it violates <u>Alleyne</u>. He responded that the fact that the statute "carries two separate mandatory minimums" makes it unconstitutional. (5/19/16 Hr'g Tr. at 30.) He further explained that "based upon the ruling in [<u>Alleyne</u>] . . . we submit that the statute . . . becomes unconstitutional because it provides for two separate mandatory minimums, and that's really most of the crux of this." (<u>Id.</u> at 31.)

As we discussed above, Defendant was charged with, and convicted of, violating subsection (1)(a) of 18 U.S.C. § 1028A, which imposes a two-year mandatory minimum for "[w]hoever, during and in relation to any felony violation enumerated in subsection (c),

knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person." 18 U.S.C. § 1028A(1)(a). Subsection (a)(2) of 18 U.S.C. § 1028A imposes a five-year mandatory minimum for anyone who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" in connection with a federal crime of terrorism. 18 U.S.C. § 1028A(a)(2); see also 18 U.S.C. § 2332b(g)(5)(B). The Supreme Court held in Alleyne that "facts that increase mandatory minimum sentences must be submitted to the jury." 133 S. Ct. at 2163. The Supreme Court did not hold that it would be unconstitutional for different sections of a statute to require the imposition of different mandatory minimum sentences for different offense conduct. Consequently, we deny Defendant's Post-Verdict Motion to the extent that he argues that 18 U.S.C. § 1028A is unconstitutional on its face under Alleyne "because it provides for two separate mandatory minimums." (5/19/16 Hr'g Tr. at 31.)

      B.      <u>Whether the Indictment Stated the Applicable Mandatory Minimum</u>

Defendant argues that 18 U.S.C. § 1028A is unconstitutional as it was applied in this case because Counts Three through Nine of Indictment No. 15-162 do not specify the mandatory minimum sentence that would apply if Defendant were convicted of the offenses charged in those Counts. (Id. at 12-13.) Defendant made a similar argument in his Motion to Dismiss/Quash the Indictment, in which he asserted that Counts Three through Nine were unconstitutional because they charged violations of 18 U.S.C. § 1028A, which carries two different mandatory minimum sentences, but did not specify which mandatory sentence applied. (See Def.'s Mot. to Dismiss/Quash ¶¶ 7-10.) He contended that "the grand jury indictment is vague on its face; thereby, warranting a dismissal because it is a fact that would need to go to the jury, as the charge carries two separate mandatory minimums." (Id. ¶ 8.) However, as we also

7

discussed in our October 2, 2015 Memorandum denying the Motion to Dismiss/Quash the Indictment, Counts Three through Nine of the Indictment plainly charge Defendant only with a violation of 18 U.S.C. § 1028A(a)(1) and, thus, his conviction of those offenses subjects him to only the two-year mandatory minimum sentence provided by § 1028A(a)(1).  (See Indictment No. 15-162 at Counts 3-9; 10/2/15 Mem. at 7.)  Consequently, we deny Defendant's Post-Verdict Motion to the extent that he argues that 18 U.S.C. § 1028A is unconstitutional under Alleyne as it was applied in this case because Counts Three through Nine of the Indictment do not specify which of two different mandatory minimum sentences would apply to a conviction of those Counts.

        C.      Whether the Indictment Identified the Requisite Predicate Acts

Defendant argues that 18 U.S.C. § 1028A is unconstitutional as it was applied in this case because the Indictment does not specify which of four possible predicate acts would result in the application of the mandatory minimum under that statute.  (5/19/16 Hr'g Tr. at 13-14, 36.)  Defendant's counsel explained this argument as follows:

> The Defendant was convicted of four offenses which would trigger the mandatory minimum; wire fraud, use of a counterfeit access device, possession of multiple unauthorized or counterfeit access devices, and possession of device making equipment. And I argue the Government points to subsection (c)(4) of the indictment, which vaguely states a felony violating [sic], enumerating [sic] in section (c)[(4)], of any provision, that we've essentially argued that the jury had a choice -- that the jury was not aware as to which one of these offenses would -- would apply that would trigger the [Alleyne] minimum, and they could have found one of them, but it was not -- but it was never submitted.

(Id. at 13.)  Defendant appears to contend that the statute is unconstitutional as it was applied in this case because the Indictment was so vague that he was unable to discern which of the possible predicate offenses with which he was charged would trigger the application of § 1028A(a)(1).  "[A] statute 'violates due process of law if it either forbids or requires the doing of

an act in terms so vague that men of ordinary intelligence must necessarily guess as to its meaning and differ as to its application.'" United States v. Gibbs, 656 F.3d 180, 188 (3d Cir. 2011) (quoting United States v. Woods, 915 F.2d 854, 862 (3d Cir. 1990)).  As we stated above, Counts Three through Nine of the Indictment charge the Defendant with violation of 18 U.S.C. § 1028A(a)(1) and (c)(4).  Subsection (c)(4) lists certain felony violations that may give rise to application of the aggravated identity theft statute.  The Indictment charged Defendant with three offenses that fall under the definition of subsection (c)(4):  use of a counterfeit access device in violation of 18 U.S.C. § 1029(a)(1) (Count 10); possession of 15 or more unauthorized or counterfeit access devices in violation of 18 U.S.C. § 1029(a)(3) (Count 11); and possession of device making equipment in violation of 18 U.S.C. § 1029(a)(4) (Count 12).  Defendant was convicted of all three of these offenses.  We conclude that the Indictment specifically notified Defendant of the offenses with which he was charged that could result in the application of the mandatory minimum sentence provided in § 1028A(a)(1) such that an individual of ordinary intelligence would not have to "guess as to its meaning."  Accordingly, we deny Defendant's Post-Verdict Motion to the extent that he argues that 18 U.S.C. § 1028A is unconstitutional as it was applied in this case because Counts Three through Nine of the Indictment did not specify which predicate act would result in the application of the mandatory minimum sentence under that statute.

        D.      <u>Whether the Jury was Specifically Charged Regarding the Predicate Acts</u>

Defendant argues that 18 U.S.C. § 1028A is unconstitutional as it was applied in this case because the jury was not instructed that, in order to find Defendant guilty of violating § 1028A(a)(1), it would have to find that he had committed one specific offense of the four possible predicate offenses for the application of that statute.  (5/19/16 Hr'g Tr. at 13.)  However,

we instructed the jury that, in order to find Defendant guilty of Counts Three through Nine, it had to find that he had committed the offenses of aggravated identity theft charged in those Counts in relation to the offense of access device fraud charged in Count Ten. We instructed the jury, in connection with Counts Three through Nine, that:

> The third element which the government must prove beyond a reasonable doubt is that the defendant used or possessed the means of identification during and in relation to the offense of access device fraud charged in Count 10. A person uses a means of identification in relation to a crime if it had a purpose, role, or effect with respect to the felony offense. It also means that the use of the means of identification had a connection to or relationship with the felony offense.

(12/10/15 N.T. at 40.) Count Ten of the Indictment charged Henderson of one count of use of one or more counterfeit access devices in violation of 18 U.S.C. § 1029(a)(1). As we mentioned above, this offense is a predicate act for application of the aggravated identity theft statute pursuant to § 1028A(c)(4). The Verdict Form filled out by the jury specifically stated, with respect to each of Counts Three through Nine, that the offenses charged in those counts were "Aggravated identity theft, and aiding and abetting aggravated identity theft, during and in relation to the offense of access device fraud charged in Count 10 . . . ." (Verdict Form Counts 3-9.) The jury convicted Defendant of Count Ten as well as Counts Three through Nine. We conclude that the jury was adequately instructed that it had to find that Defendant had committed one specific predicate act listed in subsection (c)(4) in order to find Defendant guilty of violating § 1028A(a)(1) with respect to each of Counts Three through Nine of the Indictment. Accordingly, we deny Defendant's Post-Verdict Motion to the extent that he argues that his conviction of Counts Three through Nine is unconstitutional because the jury was not required to find that he had committed one specific offense out of four possible offenses that could trigger the application of § 1028A(a)(1).

## III. CONCLUSION

For the reasons stated above, Defendant's Post Verdict Motion is denied in its entirety. An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.